# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**ISAAC JACOB DEBERRY,**

    **Plaintiff,**

**v.**                                          **Civil Action No. 5:10cv6**
                                                          **(Judge Stamp)**

**FCI-GILMER, KUMA DEBOO**
**AND MRS. FAIR,**

    **Defendants.**

## OPINION/REPORT AND RECOMMENDATION

### I. Procedural History

The United States District Court for the Southern District of West Virginia received a letter from the plaintiff on January 7, 2010. [Dckt. 1] In the letter, the plaintiff explained that he had been injured in the handicap shower at FCI-Gilmer on June 19, 2009. Id. The Southern District of West Virginia construed that plaintiff's letter as a civil rights complaint and initiated a case on his behalf. [Dckt. 3] However, because the plaintiff's claims concerned the conditions of his confinement at FCI-Gilmer, the case was transferred to this Court on January 11, 2010.[1] Id.

On February 8, 2010, the plaintiff was granted permission to proceed as a pauper. [Dckt. 18] Consequently, the undersigned conducted a review of the file and directed the plaintiff to file a complaint.[2] [Dckt. 23]

---

[1] Gilmer County, West Virginia, where FCI-Gilmer is located, is within the jurisdiction of the this Court.

[2] In that Order, the Court noted that the plaintiff had not filed an actual complaint, the nature of his claims was not entirely clear, there were no named defendants and it was unclear whether he had exhausted his administrative remedies.

The plaintiff filed his complaint on March 17, 2010. [Dckt. 24] In the complaint, the plaintiff asserts that he is suing FCI-Gilmer, Warden DeBoo and Mrs. Fair of the maintenance department, for medical neglect. Id. On March 22, 2010, the undersigned conducted a review of the plaintiff's complaint, found that summary dismissal was not warranted at that time, and directed the defendants to file an answer. [Dckt. 26]

The defendants filed a Motion to Dismiss, or in the Alternative, Motion for Summary Judgment on June 24, 2010. [Dckt. 47] Because the plaintiff is proceeding without counsel in this case, the Court issued a Roseboro Notice on June 29, 2010, advising the plaintiff of his right to file a response to the defendants' motion. [Dckt. 49] The plaintiff filed his response on June 29, 2010. [Dckt. 51] This case is therefore before the undersigned for a report and recommendation on the complaint, the defendants' motion to dismiss, and the plaintiff's response.

## II.   Contentions of the Parties

### A.   The Complaint

In the complaint, the plaintiff asserts that on June 19, 2009, he was in the shower sitting on the handicap shower bench when the bench suddenly came off the wall and he fell to the floor. [Dckt. 24 at 3.] The plaintiff explains that he has only one arm and one leg. Id. As a result of his fall, the plaintiff alleges that he suffered injury to his back, neck and wrist. Id. Specifically, the plaintiff asserts that his arm and leg still "go numb." Id. Moreover, the plaintiff asserts that he suffers from various other medical ailments, such as ear aches, athletes' foot and rashes under his arm. Id. It is not clear whether the petitioner alleges these conditions manifested as a result of his fall in the shower or for other reasons.

The plaintiff asserts that he has sent grievances and "cop-outs," however, he does not specify to whom they were sent or what they were about. Id. The plaintiff further asserts that he intends

to file more grievances about a concrete block in the shower. Id. The plaintiff asserts that the concrete block is uncovered and that he is getting staph infections from it. Id. He asserts that he has complained to the maintenance department but that nothing has been done. Id.

Next, the plaintiff asserts that he has requested a medical transfer but has yet to receive one. Id. He also asserts that he because he is still in pain, he has requested a "TENS unit" and to see a neurologist. Id. at 3-4. However, the plaintiff asserts that nothing has been done to alleviate his pain. Id. at 4.

As relief, the plaintiff asserts that he is seeking damages for his pain and suffering. Id. He also requests that the handicap showers be monitored or inspected periodically. Id.

**B.    The Defendants' Motion to Dismiss or for Summary Judgment**

In their motion, the defendants request the dismissal of the plaintiff's complaint, or judgment in their favor, for the following reasons:

(1) the plaintiff has not exhausted his available administrative remedies;

(2) they are entitled to qualified immunity;

(3) liability may not be premised on a theory of *respondeat superior*;

(4) FCI-Gilmer is not a proper party to this action; and

(5) any claims against the defendants in their official capacities are barred by the doctrine of sovereign immunity.

[Dckt. 48 at 5-14].

**C.    The Plaintiff's Response**

In his response to the defendants' motion, the plaintiff asserts that defendant DeBoo is liable for his injuries because as the Warden, the orderly running of the institution is her responsibility. [Dckt. 51 at 1] In addition, he asserts that defendant Fair is liable for his injuries because as a

member of the maintenance department it is her responsibility to fix things concerning the shower. Id. The plaintiff further asserts that had either or both of these defendants had the handicap shower properly inspected, he would not have fallen and been injured. Id.

Next, the plaintiff asserts that he has filed remedies with regard to his alleged lack of proper medical care. Id. He further notes that he has attempted to explain to the doctors at FCI-Gilmer that his medications are not working, he needs TENS unit, and that he needs a transfer to facility with better medical care. Id. at 2. His requests have been denied. Id.

As to the concrete shower block, the plaintiff asserts that defendant Fair had a concrete block built in the shower unit. Id. at 3. That block, however, is covered in fungus and has a very slippery, tile top. Id. The plaintiff asserts that Warden DeBoo has been advised of this problem and that she is "very uncaring" about the situation. Id.

Finally, the plaintiff explains that it does not matter how many administrative remedies he files, it will not stop his pain. Id. He further asserts that had the medical staff at FCI-Gilmer given him proper medical treatment to begin with, or sent him to a medical facility as he requested, his condition would not have reached this point. Id.

### III. Standard of Review

**A. Motion to Dismiss**

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir.1992) (citing 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. Mylan Labs, Inc. v. Matkari, 7 F.3d

1130, 1134 (4th Cir.1993); see also Martin, 980 F.2d at 952.

The Federal Rules of Civil Procedure "require[ ] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.' " Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Courts long have cited the "rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [a] claim which would entitle him to relief." Conley, 355 U.S. at 45-46. In Twombly, the United States Supreme Court noted that a complaint need not assert "detailed factual allegations," but "must contain more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Conley, 550 U.S. at 555 (citations omitted). Thus, the "[f]actual allegations must be enough to raise a right to relief above the speculative level," id. (citations omitted), to one that is "plausible on its face," id. at 570, rather than merely "conceivable." Id. Therefore, in order for a complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." Bass v. E. I. DuPont de Nemours & Co., 324 F.3d 761, 765 (4th Cir.2003) (citing Dickson v. Microsoft Corp., 309 F.3d 193, 213 (4th Cir.2002); Iodice v. United States, 289 F.3d 279, 281 (4th Cir.2002)). In so doing, the complaint must meet a "plausibility" standard, adopted by the Supreme Court in Ashcroft v. Iqbal, where it held that a "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). Thus, a well-pleaded complaint must offer more than "a sheer possibility that a defendant has acted unlawfully" in order to meet the plausibility standard and survive dismissal for failure to state a claim. Id.

**B. Motion for Summary Judgment**

Under the Federal Rules of Civil Procedure, summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories and admission on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). In applying the standard for summary judgment, the Court must review all the evidence "in the light most favorable to the nonmoving party." Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). The Court must avoid weighing the evidence or determining the truth and limit its inquiry solely to a determination of whether genuine issues of triable fact exist. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

In Celotex, the Supreme Court held that the moving party bears the initial burden of informing the Court of the basis for the motion and of establishing the nonexistence of genuine issues of fact. Celotex at 323. Once "the moving party has carried its burden under Rule 56, the opponent must do more than simply show that there is some metaphysical doubt as to material facts." Matsushita Electric Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). The nonmoving party must present specific facts showing the existence of a genuine issue for trial. Id. This means that the "party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials of [the] pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." Anderson at 256. The "mere existence of a scintilla of evidence" favoring the non-moving party will not prevent the entry of summary judgment. Id. at 248. Summary judgment is proper only "[w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party." Matsushita, at 587 (citation omitted).

### IV. Analysis

**A. Cause of Action**

As a preliminary matter, the undersigned notes that the plaintiff's complaint does not allege a particular cause of action. However, it appears his main complaints are that he did not receive proper medical care after his fall and that the failure of the Warden and maintenance staff to properly maintaining the new concrete shower bench is detrimental to his health and safety. Presumably, the plaintiff believes that his constitutional rights have been violated by these actions. Therefore, it appears that the plaintiff alleges a <u>Bivens</u> claim. See <u>Bivens v. Six Unknown Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388, 395 (1971) (authorizing suits against federal actors for violations of rights guaranteed by the United States Constitution or federal laws). Consequently, the undersigned recommends that the plaintiff's complaint be construed as a <u>Bivens</u> action and addressed accordingly.

**B.**  **<u>Exhaustion of Administrative Remedies</u>**

Under the Prison Litigation Reform Act (PLRA), a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983, or any other federal law, must first exhaust all available administrative remedies. 42 U.S.C. § 1997(e)(a). Exhaustion as provided in § 1997(e)(a) is mandatory. <u>Booth v. Churner</u>, 532 U.S. 731, 741 (2001). A <u>Bivens</u> action, like an action under 42 U.S.C. § 1983, is subject to the exhaust of administrative remedies. <u>Porter v. Nussle</u>, 534 U.S. 516, 524 (2002). The exhaustion of administrative remedies "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes"[3] and is required even when the relief sought is not available. <u>Booth</u> at 741. Because exhaustion is a prerequisite to suit, all available administrative remedies must be exhausted *prior to* filing a complaint in federal court. See <u>Porter</u> at 524 (citing <u>Booth</u> at 741) (emphasis added). In addition, the Supreme Court has stated that

---

[3] <u>Porter</u> at 524.

7

"we will not read futility or other exceptions into statutory exhaustion requirements . . ." See Booth at 741 n. 6.

The Bureau of Prisons ("BOP") makes available to its inmates a three level administrative remedy process if informal resolution procedures fail to achieve sufficient results. See 28 C.F.R. § 542.10, et seq. This process is begun by filing a Request for Administrative Remedy at the institution where the inmate is incarcerated. If the inmate's complaint is denied at the institutional level, he may appeal that decision to the Regional Office for the geographic region in which the inmate's institution of confinement is located. (For inmates confined at FCI-Gilmer, those appeals are sent to the Mid-Atlantic Regional Director in Annapolis Junction, Maryland.) If the Regional Office denies relief, the inmate can appeal to the Office of General Counsel via a Central Office Administrative Remedy Appeal. An inmate must fully complete each level of the process in order to properly exhaust his administrative remedies. See Woodford v. Ngo, 548 U.S. 81, 93-94 (2006) (the PLRA requires *full* and *proper* exhaustion).

In this case, the plaintiff concedes that he has failed to exhaust his administrative remedies related to either his medical treatment after his fall in the shower or his concerns about the new concrete shower bench. [Dckt. 24 at 2, 4] Moreover, the defendants have supplied the plaintiff's administrative remedy history which shows that the plaintiff has filed only four administrative remedies during his incarceration with the BOP. [Dckt. 48, Ex. 1 at ¶ 8, Att. A] None of those remedies has been fully exhausted. Id. In addition, the plaintiff cannot now exhaust those remedies as his claims are time-barred under the Bureau's procedural rules. See 28 C.F.R. § 542.14(a). Accordingly, the plaintiff's claims should be dismissed with prejudice.

Nonetheless, even assuming that the plaintiff had fully exhausted his administrative remedies prior to filing suit, the plaintiff has failed to state a claim for which relief may be granted.

C. **Merits of the Plaintiff's Claims**

1. FCI- Gilmer

In Bivens, the United States Supreme Court created a counterpart to 42 U.S.C. § 1983, so that individuals could bring suit against federal actors for violating rights guaranteed by the United States Constitution or federal laws. Therefore, like suits arising under § 1983, a Bivens cause of action is only available against federal officers in their individual capacities, and not a federal agency. See FDIC v. Meyer, 510 U.S. 471, 484-86 (1994) (refusing to find a Bivens remedy against a federal agency); see also Randall v. United States, 95 F.3d 339, 345 (4th Cir. 1996) ("Any remedy under Bivens is against federal officials individually, not the federal government.").

Moreover, like § 1983, a Bivens action is directed at persons acting in their individual capacities. FCI-Gilmer is clearly not a person for purposes of Bivens liability. Brooks v. Pembroke City Jail, 722 F.Supp. 1294, 1301 (E.D.N.C.1989) ("Claims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit."); see also Will v. Michigan Dept. Of State Police, 491 U.S. 58, 71 (1989) ("Neither a State nor its officials acting in their official capacities are 'persons' under § 1983"); Preval v. Reno, 203 F.3d 821 (4th Cir. 2000)(unpublished) ("[T]he Piedmont Regional Jail is not a 'person,' and therefore not amenable to suit under §42 U.S.C. 1983"); Roach v. Burch, 825 F. Supp. 116 (N.D.W.Va. 1993) (The West Virginia Regional Jail Authority is "in effect the State of West Virginia," and is not a person under § 1983).

Accordingly, FCI-Gilmer is not a proper defendant in this action and should be dismissed with prejudice from this case.

2. Warden DeBoo

Liability in a Bivens case is "personal, based upon each defendant's own constitutional violations." Trulock v. Freeh, 275 F.3d 391, 402 (4th Cir.2001)(internal citation omitted). Thus,

9

in order to establish liability in a Bivens case, a plaintiff must specify the acts taken by each defendant which violate his constitutional rights. See Wright v. Smith, 21 F.3d 496, 501 (2d Cir. 1994); Colburn v. Upper Darby Township, 838 F.2d 663, 666 (3rd Cir. 1988). Some sort of personal involvement on the part of the defendant and a causal connection to the harm alleged must be shown. See Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986). *Respondeat superior* cannot form the basis of a claim for a violation of a constitutional right in a Bivens case. Rizzo v. Good, 423 U.S. 362 (1976).

Nonetheless, in Miltier v. Beorn, 896 F.2d 848, 854 (4th Cir. 1990), the Fourth Circuit recognized that supervisory defendants may be liable in a Bivens action if the plaintiff shows that: "(1) the supervisory defendants failed to provide an inmate with needed medical care; (2) that the supervisory defendants deliberately interfered with the prison doctors' performance; or (3) that the supervisory defendants tacitly authorized or were indifferent to the prison physicians' constitutional violations." In so finding, the Court recognized that "[s]upervisory liability based upon constitutional violations inflicted by subordinates is based, not upon notions of *respondeat superior*, but upon a recognition that supervisory indifference or tacit authorization of subordinate misconduct may be a direct cause of constitutional injury." Id. However, the plaintiff cannot establish supervisory liability merely by showing that a subordinate was deliberately indifferent to his needs. Id. Rather, the plaintiff must show that a supervisor's corrective inaction amounts to deliberate indifference or tacit authorization of the offensive practice. Id. In reviewing claims of medical care, supervisors are entitled to rely on the judgment of the medical staff as to the course of treatment prescribed. Id.

In this case, the plaintiff does not allege that Warden DeBoo was personally involved in any violation of his constitutional rights. Notably, he does not assert that Warden DeBoo personally

failed to provide him medical care or that she is not properly maintaining the new concrete shower bench personally. In fact, the plaintiff makes it clear that Warden DeBoo's sole liability in this case stems from her role as Warden of the facility. However, a suit against government agents acting in their official capacities is considered a suit against the United States itself. See Kentucky v. Graham, 473 U.S. 159, 165 (1985) ("Official-capacity suits . . . 'generally present only another way of pleading an action against an entity of which an officer is an agent.'"). Nevertheless, remedy under Bivens is against federal officials in their individual capacities, not the federal government. Moreover, the plaintiff has not provided any evidence that Warden DeBoo tacitly authorized or was indifferent to an alleged violation of his constitutional rights. Accordingly, the plaintiff cannot maintain a Bivens claim against Warden DeBoo and she should be dismissed with prejudice from this action.[4]

   3.   Mrs. Fair

In this case, the plaintiff asserts that defendant Fair is liable to him for failing to properly maintain the new concrete shower bench. According to the plaintiff, defendant Fair is employed by the facility's maintenance department and that she is generally the one who "fixes things" in the shower. However, the plaintiff cannot establish Bivens liability simply because defendant Fair is employed by the maintenance department at FCI-Gilmer.

To establish that defendant Fair was deliberately indifferent to the plaintiff's health and safety, he must show that she denied him "humane conditions of confinement." Farmer v. Brennan, 511 U.S. 825 (1994) (the Eighth Amendment prohibits "cruel and unusual punishment") Moreover,

---

[4] To the extent the plaintiff asserts that Warden DeBoo was deliberately indifferent to his health or safety by denying his administrative requests, that claim is without merit. An administrator's participation in an administrative remedy program is not the type of personal involvement required to state a Bivens claim. See Paige v. Kupec, 2003 WL 23274357 *1 (D.Md. March 31, 2003).

"[a] prison official cannot be found liable under the Eighth Amendment . . . unless the official knows of and disregards an excessive risk to [an] inmate[']s health or safety." Id. at 837. To do so, the plaintiff must show that "the official [is] both [] aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. The plaintiff simply fails to provide any evidence that defendant Fair is aware of, and has ignored, a risk to his health and safety. Accordingly, this claim is without merit and should be dismissed.

## V. Recommendation

For the reasons stated, the undersigned makes the following recommendations:

(1) the plaintiff's complaint be construed as a Bivens action; and

(2) the defendants' Motion to Dismiss, or in the Alternative, Motion for Summary Judgment [Dckt. 47] be **GRANTED**, and the plaintiff's complaint be **DENIED** and **DISMISSED with prejudice** for the failure to exhaust administrative remedies; or alternately, **DENIED** and **DISMISSED with prejudice** for the failure to state a claim, and stricken from the active docket of this Court.

Within **fourteen (14) days** after being served with a copy of this Report and Recommendation, and party may file written objections with the Clerk of Court. The written objections shall identify those portions of the recommendation to which objections are made, and the basis for such objections. A copy of such objections shall also be submitted to the Honorable Frederick P. Stamp, Jr., United States District Judge. Failure to timely file objections to the recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th

Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

IT IS SO ORDERED.

The Clerk is directed to send a copy of this Report and Recommendation to the *pro se* plaintiff by certified mail, return receipt requested, to his last known address as shown on the docket, and to counsel of record via electronic means.

DATED: September 3, 2010.

/s/ David J. Joel
DAVID J. JOEL
UNITED STATES MAGISTRATE JUDGE