IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

ISAAC JACOB DeBERRY,

       Plaintiff,

v.                                  Civil Action No. 5:10CV6
                                               (STAMP)
FCI-GILMER, KUMA DeBOO
and MRS. FAIR,

       Defendants.


**MEMORANDUM OPINION AND ORDER**
**AFFIRMING AND ADOPTING REPORT AND**
**RECOMMENDATION OF MAGISTRATE JUDGE**

I.  Procedural History

The pro se[1] plaintiff, Isaac Jacob DeBerry, commenced this civil action by filing a letter with the United States District Court for the Southern District of West Virginia describing various injuries that he received as a result of a broken bench in the handicap shower at Federal Correctional Institution-Gilmer ("FCI-Gilmer"), where he is incarcerated. The Southern District of West Virginia construed the plaintiff's letter as a civil rights complaint pursuant to Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971), and initiated a case on his behalf. Because the plaintiff's claims concern the conditions of his confinement at FCI-Gilmer, the case was transferred to this Court on January 11, 2010. The plaintiff was directed to complete a civil rights complaint form, which he filed on March 17, 2010. The

---

[1]"Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1341 (9th ed. 2009).

complaint asserts that the plaintiff is suing FCI-Gilmer, Warden DeBoo ("DeBoo"), and Mrs. Fair ("Fair") of the maintenance department for medical neglect.  On March 22, 2010, the magistrate judge conducted a review of the plaintiff's complaint, found that summary dismissal was not warranted at that time, and directed the defendants to file an answer.  The defendants filed a motion to dismiss, or, in the alternative, motion for summary judgment on June 24, 2010.  The plaintiff filed a response on June 29, 2010.

The case was referred to United States Magistrate Judge David J. Joel for initial review and recommendation pursuant to Local Rule of Prisoner Litigation Procedure 83.01 and 28 U.S.C. §§ 1915(e) and 1915A.  The magistrate judge issued a report and recommendation recommending that the plaintiff's complaint be construed as a Bivens action; that the defendants' motion to dismiss, or, in the alternative, motion for summary judgment be granted; and that the plaintiff's complaint be denied and dismissed with prejudice for failure to exhaust administrative remedies, or alternatively, denied and dismissed with prejudice for failure to state a claim.

The magistrate judge advised the parties that, pursuant to 28 U.S.C. § 636(b)(1)(C), any party may file written objections to his proposed findings and recommendations within fourteen (14) days after being served with a copy of the magistrate judge's recommendation.  The plaintiff filed four letters, which this Court construes as objections to the report and recommendation of the

magistrate judge.  See also Bradshaw v. U.S. Probation Office,
5:09cv114, 2010 WL 1253894, at *1 n. 2 (N.D. W. Va. Mar. 24, 2010)
("This Court construes the petitioner's December 23, 2009 letter
. . . as objections to the report and recommendation.").  For the
reasons set forth below, this Court affirms and adopts the
magistrate judge's report and recommendation.

## II.  Facts

In his complaint, the plaintiff alleges that on June 19, 2009,
he was in the shower sitting on the handicap shower bench when the
bench suddenly came off the wall, causing him to fall to the floor.
The plaintiff also explains that he has only one arm and one leg.
As a result of his fall, the plaintiff alleges that he suffered
injury to his back, neck, and wrist.  Specifically, the plaintiff
claims that he still experiences numbness in his arm and leg.
Additionally, the plaintiff complains of various other medical
ailments, including ear aches, athletes' foot, and rashes under his
arm.  It is not clear whether the plaintiff alleges that these
conditions manifested as a result of his fall in the shower or for
other reasons.

The plaintiff also asserts that he has filed grievances
regarding the concrete shower block, but his complaint does not
specify to whom these grievances were sent.  Additionally, the
plaintiff claims that he has contracted staph infections from the
shower block, and despite his complaints to the maintenance
department, nothing has been done to remedy the shower conditions.

The plaintiff also indicates that he requested a medical transfer but has yet to receive one.  As relief, the plaintiff seeks damages for his pain and suffering and requests that the handicap showers be monitored or inspected periodically.

### III.  Applicable Law

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made.  As to those portions of a recommendation to which no objection is made, a magistrate judge's findings and recommendation will be upheld unless they are "clearly erroneous."  See Webb v. Califano, 468 F. Supp. 825 (E.D. Cal. 1979).  After the issuance of the magistrate judge's report and recommendation, the plaintiff filed four letters with this Court.  Although the plaintiff does not specifically state that these letters constitute objections to the report and recommendation, this Court construes them as such.  See Hill v. Braxton, 277 F.3d 701, 707 (4th Cir. 2002) ("[T]he long-standing practice is to construe pro se pleadings liberally.").  All four of the letters reiterate the plaintiff's complaints regarding the handicap shower and describe his injuries and ailments.  Because the plaintiff has filed objections, this Court will undertake a de novo review as to those portions of the report and recommendation to which objections were made.

A.  Cause of Action

The magistrate judge first notes that the plaintiff's complaint does not allege a particular cause of action; however, the plaintiff's main complaints are that he did not receive proper medical care after his fall and that the failure of the warden and the maintenance staff to properly maintain the concrete shower bench has been detrimental to his health and safety.  Presumably, the plaintiff believes that his constitutional rights have been violated by these actions.[2]  Given the nature of the plaintiff's complaint, this Court finds that the magistrate judge correctly construed it as a Bivens action.

B.  Exhaustion of Administrative Remedies

The magistrate judge recommended that the plaintiff's claims be dismissed with prejudice because the plaintiff failed to exhaust administrative remedies.  The plaintiff's letters to this Court reference various written complaints that he has made to Bureau of Prisons ("BOP") personnel, but they do not discuss his pursuit of any administrative remedies regarding the injuries that he received as a result of his fall in the shower.[3]

---

[2]The plaintiff's September 14, 2010 letter claims that things are happening to the plaintiff at FCI-Gilmer that are "against [his] civil rights," and the plaintiff's September 22, 2010 letter states that his treatment at FCI-Gilmer constitutes "cruel and unjust punishment."

[3]The plaintiff's September 13, 2010 letter states that he wrote a letter to the "BP-8-9 Regional Director Warden Counselors," but it does not indicate the subject matter of this letter.  The

Under the Prison Litigation Reform Act ("PLRA"), a prisoner bringing an action "with respect to prison conditions" under 42 U.S.C. § 1983, or any other federal law, must first exhaust all available administrative remedies. 42 U.S.C. § 1997e. Exhaustion under § 1997e is mandatory, Booth v. Churner, 532 U.S. 731, 741 (2001), and applies to "all inmate suits about prison life." Porter v. Nussle, 534 U.S. 516, 532 (2002). If failure to exhaust is apparent from the complaint, federal courts have the authority pursuant to 28 U.S.C. § 1915 to dismiss the case sua sponte. Anderson v. XYZ Correctional Health Servs., Inc., 407 F.3d 674, 682 (4th Cir. 2005). Actions brought pursuant to Bivens are subject to administrative exhaustion requirements of the PLRA. Porter, 534 U.S. at 524.

Administrative exhaustion requires an inmate to pursue informal resolution before proceeding with a formal grievance. 28 C.F.R. § 524.13. The BOP's formal administrative process is structured as a three-tiered system. 28 C.F.R. § 542.10, et seq. First, an inmate must submit a written complaint to the warden, to which the warden supplies a written response. 28 C.F.R. §§ 542.11 and 542.14. For inmates who do not obtain satisfactory relief at

_____

plaintiff also claims that he wrote a letter to the warden about the conditions of the handicap shower. The plaintiff's September 14, 2010 letter references a letter sent to the "BP-8-9 Regional." On September 22, 2010, the plaintiff indicated that he wrote a letter concerning his alleged sexual abuse by Officer Marsh. Finally, the plaintiff's September 28, 2010 letter states that he has been writing "BP-8-9-10-11" about his pain and the fungus that allegedly covers the shower bench.

the first tier, the second tier allows the inmate to file an appeal with the Regional Director of the BOP.[4] 28 C.F.R. § 542.15. The third, and final, tier of the formal administrative remedy process is an appeal to the National Inmate Appeals Administrator for the Office of General Counsel. Id. An inmate's administrative remedies thus are considered exhausted only after pursuing a final appeal to the National Inmate Coordinator for the Office of General Counsel.

Proper exhaustion of a PLRA or Bivens claim requires an inmate to file timely and procedurally sound administrative grievances in compliance with the BOP's administrative grievance process as outlined above. See Woodford v. Ngo, 548 U.S. 81, 90-91 (2006) ("Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings.").

In this case, the plaintiff concedes that he has failed to exhaust his administrative remedies related to either his medical treatment after his fall in the shower or his concerns about the concrete shower bench. (Compl. 2; 4.) Moreover, the magistrate judge noted in his report and recommendation that the plaintiff's administrative remedy history shows that the plaintiff has filed only four administrative remedies during his incarceration with the

_____

[4]For inmates confined at FCI-Gilmer, those appeals are sent to the Mid-Atlantic Regional Director in Annapolis Junction, Maryland.

BOP and that none of them have been exhausted. (Decl. of Sharon Wahl ¶ 8; Defs.' Mem. in Supp. of Mot. to Dismiss or for Summ. J. Attach. B.) The plaintiff's letter objections fail to explain why he has not exhausted his administrative remedies. This Court agrees that the plaintiff cannot now exhaust those remedies as his claims are time-barred under the BOP's procedural rules. See 28 C.F.R. § 542.14(a) ("The deadline for completion of information resolution and submission of a formal written Administrative Remedy Request . . . is 20 calendar days following the date on which the basis for the Request occurred.")

Based upon a de novo review, this Court finds that the plaintiff has not timely and properly exhausted his administrative remedies for the events giving rise to the plaintiff's Bivens claims. Therefore, this Court finds that the plaintiff's Bivens claims must be dismissed for failure to exhaust administrative remedies.

B.    Merits of the Plaintiff's Claims

Even assuming that the plaintiff had fully exhausted his administrative remedies prior to filing suit, the magistrate judge found that the plaintiff fails to state a claim for which relief can be granted. Although the plaintiff argues in his September 13, 2010 letter that his complaint should not be dismissed, he fails to present an argument as to why his claim for relief can be granted.

1.   Defendant FCI-Gilmer

Title 42, United States Code, Section 1983 prohibits "person[s]" from causing a deprivation of legal rights to any United States citizens under the color of state law. FCI-Gilmer does not constitute a "person" for the purposes of 42 U.S.C. § 1983. See Will v. Mich. Dept. of State Police, 491 U.S. 58, 71 (1989) (holding that "neither a State nor its officials acting in their official capacity are 'persons' under § 1983"); see also Roach v. Burke, 825 F. Supp. 116, 117 (N.D. W. Va. 1993) (the West Virginia Regional Jail Authority is "in effect the State of West Virginia" and is not a person under § 1983); Preval v. Reno, 203 F.3d 821, 821 (4th Cir. 2000) (unpublished) ("[T]he Piedmont Regional jail is not a 'person' and is therefore not amenable to suit under § 1983."). Therefore, this Court must affirm the magistrate judge's conclusion that FCI-Gilmer is not a proper defendant in this action.

2.   Defendant Warden DeBoo

The magistrate judge, in his report and recommendation, recommended that Warden DeBoo be dismissed from this case because the plaintiff failed to provide any evidence that Warden DeBoo tacitly authorized or was indifferent to an alleged violation of the plaintiff's constitutional rights. This Court agrees with the magistrate judge's determination.

The plaintiff has failed to allege any personal involvement on the part of Warden DeBoo. Rather, the plaintiff relies on a theory

9

of <u>respondeat superior</u>, which cannot form the basis of a claim for violation of a constitutional right in a <u>Bivens</u> case.  <u>See</u> <u>Dean v. Gladney</u>, 621 F.2d 1331, 1335-37 (5th Cir. 1980) (rejecting <u>respondeat superior</u> as a basis for liability in <u>Bivens</u> actions); <u>Monell v. Dep't of Soc. Servs.</u>, 436 U.S. 658 (1978) (rejecting <u>respondeat superior</u> as a basis for liability in <u>Bivens</u>-type actions brought pursuant to 42 U.S.C. § 1983).

In <u>Miltier v. Beorn</u>, 896 F.2d 848, 854 (4th Cir. 1990), the Fourth Circuit recognized that supervisory defendants may be liable in a <u>Bivens</u> action if the plaintiff shows: "(1) the supervisory defendants failed promptly to provide an inmate with needed medical care; (2) that the supervisory defendants deliberately interfered with the prison doctors' performance; or (3) that the supervisory defendants tacitly authorized or were indifferent to the prison physicians' constitutional violations." (citations omitted).  The plaintiff cannot establish supervisory liability merely by showing that a subordinate was deliberately indifferent to his needs.  <u>Id.</u> Rather, the plaintiff must show that a supervisor's corrective inaction amounts to deliberate indifference or tacit authorization of the offensive practices.  <u>Id.</u> (quoting <u>Slaken v. Porter</u>, 737 F.2d 368, 372 (4th Cir. 1984)).

In this case, the plaintiff does not allege that Warden DeBoo was personally involved in any violation of his constitutional rights.  Rather, the plaintiff makes it clear that Warden DeBoo's sole liability in this case stems from her role as Warden of FCI-

Gilmer.  Moreover, the plaintiff has not provided any evidence that Warden DeBoo tacitly authorized or was indifferent to an alleged violation of his constitutional rights.  Accordingly, remedy under Bivens is not available against Warden DeBoo and the plaintiff's claim against Warden DeBoo must be dismissed.

    3.    <u>Defendant Mrs. Fair</u>

The plaintiff asserts that Fair is liable for failing to properly maintain the concrete shower bench.  According to the plaintiff, Fair is employed by the facility's maintenance department and is generally responsible for fixing the shower.  However, the plaintiff cannot establish Bivens liability simply because Fair is employed by the maintenance department at FCI-Gilmer.

To establish that Fair was deliberately indifferent to the plaintiff's health and safety, the plaintiff must show that she denied him "humane conditions of confinement." <u>Farmer v. Brennan</u>, 511 U.S. 825, 837 (1994).  The Eighth Amendment prohibits cruel and unusual punishment, however, "a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety." <u>Id.</u>  To hold a prison official liable, the plaintiff must show that "the official [is] both [] aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." <u>Id.</u>  This Court agrees that the

11

plaintiff has failed to provide any evidence that Mrs. Fair is aware of, and has ignored, a risk to his health and safety. Accordingly, this claim is without merit and should be dismissed.

## V.    Conclusion

After a de novo review, this Court concludes that the magistrate judge's recommendation is proper and the plaintiff's objections to the report and recommendation lack merit; therefore, this Court hereby AFFIRMS and ADOPTS the magistrate judge's report and recommendation in its entirety. Accordingly, the plaintiff's complaint is DENIED and DISMISSED WITH PREJUDICE. It is further ORDERED that this civil action be DISMISSED and STRICKEN from the active docket of this Court.

Should the plaintiff choose to appeal the judgment of this Court to the United States Court of Appeals for the Fourth Circuit on the issues to which objection was made, he is ADVISED that he must file a notice of appeal with the Clerk of this Court within thirty (30) days after the date of the entry of the judgment order. Fed. R. App. P. 4(a)(1). He is further advised that a certificate of appealability is not required for a federal prisoner proceeding under 42 U.S.C. § 1983 or Bivens. See 28 U.S.C. § 2254(c) (certificate of appealability is required in a § 2255 proceeding or in a habeas corpus proceeding in which the detention complained of arises from process issued by a State court); see also Fed. R. App. P. 22; Drax v. Reno, 338 F.3d 98, 106 n. 12 (2d Cir. 2003).

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the pro se plaintiff by certified mail and to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

    DATED:    October 6, 2010


                                    /s/ Frederick P. Stamp, Jr.
                                    FREDERICK P. STAMP, JR.
                                    UNITED STATES DISTRICT JUDGE